**John Randolph CLARKE, Petitioner-Appellant,**

**v.**

**C. Murray HENDERSON, Warden, Tennessee State Penitentiary, Respondent-Appellee.**

**No. 17850.**

United States Court of Appeals
Sixth Circuit.

Nov. 27, 1968.

James Bateman, and Charles Galbreath, Nashville, Tenn., for appellant argued by and on brief.

David W. McMackin, Nashville, Tenn., (David W. McMackin, Asst. Atty. Gen.

## 688

State of Tennessee, Nashville, Tenn., George F. McCanless, Attorney General, of Tenn., on the brief), for appellee.

Before EDWARDS, PECK and Mc-CREE, Circuit Judges.

PER CURIAM.

This is an appeal from denial of a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Supp. II, 1965–66).

Appellant Clarke has been convicted of first degree murder and sentenced to 30 years in the Tennessee penitentiary for the murder of an 18-year-old girl. The conviction was affirmed by the Supreme Court of Tennessee. Clarke v. State, 218 Tenn. 259, 402 S.W.2d 863, cert. denied, 385 U.S. 942, 87 S.Ct. 303, 17 L. Ed.2d 222 (1966). Judge William E. Miller considered the petition without evidentiary hearing, but on the state court record, and denied the writ.

Appellant contends that there were no facts to justify the jury finding of premeditation required for a first degree murder conviction. This is rebutted by the trial record. The bruises on the girl's face and jaw were such as to allow the inference that she had been severely beaten. The physical facts at the murder scene indicated that two shots were fired through her skirt, which had been pulled up over her shoulders. The path of the bullet through the clothing, through the shoulder blades, through the chest, and into the floor was such as to suggest that she was lying on the floor when she was shot to death. Powder burns were found on her garments, indicating close proximity of the weapon. These facts allowed the jury reasonably to infer that her assailant, having knocked her unconscious, deliberately sought by killing her to escape the consequences of his assault.

■ Appellant also contends that there was error in the trial judge's handling of the "dermal nitrate" test evidence. If there was error, in view of the trial judge's strong admonition, we do not believe that it was of federal constitutional magnitude, and we believe on this state trial record (all of which we have read) that if there was error, it was harmless error beyond reasonable doubt within the meaning of Rule 52(a) of the Federal Rules of Criminal Procedure. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The only other meritorious appellate issue is appellant's contention that a suit of clothes which he had left at a cleaner two days after the murder had been taken by the police without a search warrant, in violation of his Fourth Amendment rights.

The Nashville police in questioning Clarke about the murder had learned about a suit which he had taken to the cleaners. They immediately called the cleaner. The cleaner testified at trial that he had opened his plant at 10 p.m. at police request and had voluntarily found and turned over the suit.

Subsequently, the police sent the suit to the FBI for examination. An FBI expert testified at trial that fibers found on the suit matched the skirt and sweater of the dead girl.

The trial judge found the search and seizure reasonable and admitted the evidence.

As we have noted, however, the constitutionality of this search and seizure was not tested by evidentiary hearing and findings of fact in the federal court. The state trial court record, to the extent it deals with this issue, appears to us to be inadequate in several respects.

Moreover, this case was decided by the District Court before the United States Supreme Court decided Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). Hence, the District Judge had no opportunity to measure this search and seizure without warrant against the standards there approved in relation to seizure of "mere evidence."

Did the government show "a valid claim of superior interest"? Warden, Md. Penitentiary v. Hayden, supra at 303, 87 S.Ct. at 1648.

Was there "cause to believe that the evidence sought will aid in a particular apprehension or conviction"? Warden, Md. Penitentiary v. Hayden, supra at 307, 87 S.Ct. at 1650.

Answers to these questions depend upon findings of fact which we do not presently have before us.

 Without intimating any view as to ultimate outcome, we feel that a full evidentiary hearing is desirable for proper resolution of this issue.

The judgment of the District Court is affirmed as to all issues except that which pertains to the clothing evidence referred to above. As to this last issue, the case is reversed and remanded to the District Court.

 At oral argument of this appeal, appellant's counsel also contended (belatedly, of course) that he possessed new evidence that this clothing test was fabricated. In the interest of avoiding multiplicity of litigation, appellant should be allowed to amend his petition so as to allege his claim of newly discovered evidence.

McCREE, Circuit Judge (concurring).

I concur in the order reversing the judgment of the District Court and remanding the case for a full evidentiary hearing on the question of the constitutionality of the seizure of appellant's suit. However, I would phrase the questions to be answered by the District Judge as follows:

What facts did the police officers possess at the time of the warrantless seizure of the suit which afforded them probable cause to believe that a laboratory inspection would be productive of evidence in the homicide?

Since appellant was in custody, the manager of the cleaning establishment was cooperative, and it is alleged that a magistrate was available, what emergency existed to justify dispensing with the requirement of obtaining a warrant for the seizure of the suit?

I agree that the error committed in admitting evidence of appellant's refusal to submit to a dermal nitrate test does not require relief. I do so because the error involved no violation of a right guaranteed by the Federal Constitution and thus is not cognizable on habeas corpus. See Clarke v. State, 218 Tenn. 259, 402 S.W.2d 863, 868–869 (1966).